IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| KIMBERLY BABB, an individual; JOSE AND LINDA CASAREZ, a married couple; JENNIE REED, an individual; and TAMMY VENABLE, an individual; on behalf of themselves and for all others similarly situated,<br><br>v.<br><br>TITLEMAX OF TEXAS, INC., a Texas Corporation, doing business as TITLEMAX; and DOES 1-100 inclusive | § § § § § § § § § § § § § § §   CIVIL ACTION NO. _____ |

### DEFENDANT'S NOTICE OF REMOVAL

Defendant Titlemax of Texas, Inc. files this notice of removal pursuant to 28 U.S.C. § 1446.

### A. INTRODUCTION

1. On June 18, 2013, Plaintiffs sued Defendant for violations of the Texas Finance Code in the 362nd District Court of Denton County, Texas.

2. Defendant received notice of the suit on June 21, 2013. Defendant files this notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b). *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

### B. BASIS FOR REMOVAL

3. Removal is proper because there is complete diversity between the parties. 28 U.S.C. § 1332(a); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899-900 (9th Cir. 2006.) Plaintiffs are all citizens of Texas. Defendant is a Delaware corporation and a citizen of Georgia, where it has its principal place of business. The citizenship of the Doe defendants, sued

under fictitious names, are disregarded for purposes of removal. 28 U.S.C. § 1441(a). Additionally, as alleged by Plaintiff, the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332(a); *Andrews v. E.I. du Pont de Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006). Specifically, Plaintiff's Original Petition alleges that Defendant owes Plaintiffs in excess of $1,000,000 in damages.

4. Attached to Exhibit A hereto is a certified copy of the state court docket as well as copies of all pleadings, process, orders, and other filings in the state court suit, as required by 28 U.S.C. § 1446(a) and Local Rule CV-81.

5. Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district.

6. Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the suit has been pending

7. If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to brief and argue its position that this case is removable. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (post-removal evidence may be considered in assessing removal jurisdiction).

### C. JURY DEMAND

8. Plaintiffs demanded a jury in the state-court suit.

### D. CONCLUSION

9. For these reasons, Defendant asks the Court to remove the suit to U.S. District Court For the Eastern District of Texas, Sherman Division, that this Court assume jurisdiction of this civil action, and that this Court enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Respectfully Submitted,

GREENBERG TRAURIG, LLP

By: /s/ L. Bradley Hancock
    L. Bradley Hancock
    Fed. ID No. 21091
    Texas Bar No. 00798238
    John Huffman
    Fed. ID No.
    Texas Bar No. 24065464
    1000 Louisiana Street, Suite 1700
    Houston, Texas 77002
    Tel: (713) 374-3500
    Fax: (713) 374-3505

ATTORNEYS FOR DEFENDANTS
TITLEMAX OF TEXAS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been served on all counsel of record by electronic service on July 15, 2012.

Andrew W. Christmas
Dugan J. Kelley
Kenton S. Brice
CHRISTMAS KELLEY & CLARKE, PC
2570 Justin Road, Suite 240
Highland Village, TX 75077

/s/ L. Bradley Hancock
L. Bradley Hancock